Appellant, Kidd's Septic Service, Inc., appeals from the decision of the Findlay Municipal Court awarding Appellee, Ray Robinson, $1,604.50 in damages.
In this municipal court case, Appellee claimed unpaid wages for work performed as an employee of Appellant during the months of October, November and December 1996. Appellant denied that Appellee was ever his employee and further denied that any wages were owed to Appellee. Following a bench trial, Judge Smith concluded that Appellant owed Appellee $1,604.50 in unpaid wages and on June 23, 1999, entered judgment in that amount.
It is from this decision of the Municipal Court that Appellant appeals, asserting the following assignment of error:
 The decision of the trial court, awarding Appellee Ray Robinson $1,604.50 in damages, was against the manifest weight of the evidence.
We begin our analysis be noting the applicable standard of review. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence." Paulding-Putnam Coop., Inc. v. Kuhlman (1997),117 Ohio App.3d 156, 159, relying on C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, paragraph one of the syllabus. When reviewing a judgment alleged to be against the manifest weight of the evidence, the reviewing court is to be guided by the presumption that the findings of the tier of fact were indeed correct. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77. "The rationale for giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony * * *" Id. at 80.
Upon review of the trial testimony and the exhibits offered into evidence, we hold there is competent, credible evidence that supports the trial court's judgment. Our thorough review of the record reveals the following testimony concerning the particular days and hours Appellee allegedly worked. As part of his case-in-chief, Appellee testified that he worked for Appellant from sometime in October (Transcript, pg. 55) until December 19, 1996 (Transcript, pg. 59). Appellee further testified that he worked a specific number of hours in each of several consecutive weeks during this period (Transcript, pg. 59), totaling 440 hours to be paid at an agreed $5.00 hourly rate. (Transcript, pg. 55-56). The trial court accepted this computation and awarded judgment for $1,604.50, the remainder of the product of multiplying 440 hours by the $5.00 rate, less the $595.50 value of materials and equipment accepted by Appellee from Appellant as part payment to apply against the total claimed for wages. (Transcript, pg. 62-63).
Based on the foregoing oral testimony, this Court's calculation of the days and hours claimed reveals that the actual number of hours worked is 432 hours rather than 440. Thus, the correct computation of the balance of wages owed to support the judgment is $1,564.50 rather than $1,604.50.
We note that Appellant makes much of two seemingly inconsistent exhibits accepted in evidence by the trial court and mentioned in passing in the trial court's memorandum of findings and judgment. With respect to both of these exhibits, the credibility and weight attached thereto, if any at all, was within the province of the trial court. In any case, these exhibits were offered simply to support or undermine the respective oral testimony of the parties'. Appellee's claim for relief does not succeed or fail based solely on these exhibits as his complaint was based on a claim for wages rather than an accounting.
On the complete record before us, we hold that the judgment of the Findlay Municipal Court is supported by competent, credible evidence. Accordingly, the judgment of the Findlay Municipal Court must be affirmed as modified from $1604.50 to $1,564.50.
Judgment affirmed.
SHAW and WALTERS, JJ., concur.